UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **ADONAY GARCIA,** | ) |
| **Petitioner,** | ) |
| v. | ) Case No.: Case 4:14-cv-01138-RDP-JHE |
| **ERIC H. HOLDER, JR., et al.,** | ) |
| **Respondents.** | ) |

## MEMORANDUM OPINION

This is an action on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Adonay Garcia. (Doc. # 1). Petitioner challenges his continued detention pending removal pursuant to the Immigration and Nationality Act. *See generally*, *Zadvydas v. Davis*, 533 U.S. 678 (2001). On August 28, 2015, Respondents filed a Motion to Dismiss Petition as Moot on the grounds that Petitioner has been removed from the United States. (Doc. # 17). Respondent's Motion is supported by an attached Declaration of the Acting Supervisory Detention and Deportation Officer of the U.S. Immigration and Customs Enforcement facility in Gadsden, Alabama stating Petitioner was deported on July 15, 2015. (Doc. # 17-1).

Because Petitioner has been removed, the court can no longer provide meaningful relief, and the petition for a writ of habeas corpus is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("[A] case must be dismissed as moot if the court can no longer provide 'meaningful relief.'"); *see also Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (once habeas petitioner is released from custody, he must demonstrate collateral consequences to avoid mootness doctrine). Accordingly, Respondent's Motion to Dismiss (Doc. # 17) is due to be granted, and this action is due to be dismissed.

1

A separate order will be entered.

**DONE** and **ORDERED** this August 28, 2015.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE